Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Drew H. Sherman, SBN 237045
  drew.sherman@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone:  (213) 623-6546

Attorneys for Plaintiff
A.C.T. 898 Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.T. 898 PRODUCTS, INC., a California Corporation, | Case No:  8:16-cv-476 |
| | |
| *Plaintiff*, | **COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE ADVERTISING; PALMING OFF; CONTRIBUTORY TRADEMARK INFRINGEMENT; VICARIOUS TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE 17200 ET SEQ.; AND COMMON LAW UNFAIR COMPETITION** |
| *vs.* | |
| W.S. INDUSTRIES, INC.; VINH LAM, an individual; and DOES 1 through 10, inclusive, | |
| *Defendants*. | **DEMAND FOR JURY TRIAL** |

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

COMPLAINT

1013.203

Plaintiff A.C.T. 898 Products, Inc., ("Plaintiff" or "ACT") hereby complains of W.S. INDUSTRIES, INC., a California incorporated company; VINH LAM, an individual; and DOES 1-10 (collectively and individually in any combination, "Defendants"), and alleges as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims that relate to trademark infringement, false designation of origin, trademark dilution, and federal unfair competition pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§ 1116(a) and 1121(a) pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district. For example, by marketing their products and goods to California citizens and by entering into business transactions with California citizens in the jurisdiction, and by committing acts of trademark infringement in this judicial district, including but not limited to marketing, offering, and selling infringing products directly to consumers and users in this district, Defendants' acts form a substantial part of the events or omissions giving rise to ACT's claims.

3.      The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also did business in this judicial district, prior to the date hereof, with respect to the causes of action on which the complaint is based, such as entering into contracts based on the

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.201

Defendants' infringing activities as herein complained.

4.     The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also took actions that caused effects here in this judicial district such as damaging Plaintiff by and through Defendants' infringing activities as herein complained.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

## II.     THE PARTIES

6.     Plaintiff A.C.T. 898 Products, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 14309 Proctor Ave., La Puente, CA 91746.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant W.S. Industries, Inc. ("W.S.") is a California incorporated company having its principal place of business at 7375 Chapman Ave., Garden Grove, CA 92841.

8.     Plaintiff is informed and believes, and thereon alleges that Defendant Vinh Lam ("Lam") is an owner and principal of W.S. and resides in the county of Garden Grove, California.

9.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities as they are ascertained.

10.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Such unnamed defendants include, but are not limited to: (a) officers and/or directors who acted in concert with Defendants against Plaintiff; (b)

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

other entities affiliated with Defendants that acted in concert with Defendants against Plaintiff; and (c) individuals or entities with whom Defendants acted in concert with Defendants against Plaintiff. Plaintiff reserves the right to name such Does as discovery from Defendants reveal their identities.

11.    Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants.

12.    All of the Defendants, including the Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

13.    Plaintiff is informed and believes and thereon alleges that each Defendant entered into a conspiracy and agreement with the other Defendants and/or subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy. Plaintiff is currently unaware of when each Defendant joined said conspiracy and, upon information and belief, alleges that Defendant joined said conspiracy and, upon information and belief, alleges that all Defendants have knowingly, maliciously, and willfully entered into said conspiracy, which continues until this day. The purposes of this ongoing conspiracy include, but are not limited to, the wrongs alleged herein. All Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

14.    Plaintiff is informed and believes and thereon alleges that, at all times material herein, each of the Defendants was the agent, employee and/or working in concert with the other Co-Defendants and was acting within the course and scope of

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

such agency, employment and/or concerted activity.

15.   To the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

16.   Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

17.   Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope of their employment.

18.   Plaintiff is informed and believes, and thereon alleges that Defendants were associated or affiliated with one or more of the other Defendants in connection with matters and conduct sued upon herein. Plaintiffs allege that each Defendant was acting with one or more of the other Defendants pursuant to a common scheme, course of action, enterprise or conspiracy and each Defendant is liable to Plaintiff for the events happenings and damages alleged herein.

19.   Plaintiff is informed and believes, and thereon alleges that Defendants DOES 1 through 5 ("Individual Defendants") are, and at all relevant times herein were, owners of all or a controlling interest in W.S. and DOES 6 through 10 ("Entity Defendants"), and that there existed between the Individual Defendants and Entity Defendants, and each of them, a unity of interest and ownership, such that any individuality or separateness of such Defendants never existed or has ceased, and that the Entity Defendant are the alter egos of the Individual Defendants, and each other.

20.   Plaintiff is informed and believes, and thereon alleges that Individual

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

Defendants dominated and controlled the business affairs of the Entity Defendants, and each of them. As a result, adherence to the fiction of a separate existence between such Defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

21.   Plaintiff is informed and believes, and thereon alleges that the Court can pierce the corporate veil of the Entity Defendants and hold Individual Defendants individually liable because of the improper activities as follows:

a.   Defendants failed to maintain or observe corporate formalities when they violated Corporate By Laws by refusing to hold proper Board of Director meetings and refused to hold Annual Shareholder Meetings;

b.   Defendants failed to maintain or observe corporate formalities when they prevented shareholders to regularly elect the Board of Directors in violation of the Corporate By Laws;

c.   Defendants failed to maintain or observe corporate formalities when they failed to keep minutes or file corporate tax returns;

d.   Individual Defendants commingled corporate fund with their personal funds;

e.   Individual Defendants used their residence as the Entity Defendants' business addresses; and

f.   Individual Defendants under-capitalized the Entity Defendants.

22.   Based upon the foregoing, Plaintiff is informed and believes, and thereon alleges that the Entity Defendants are the alter egos of the Individual Defendants and each other, therefore, Plaintiff may proceed against all Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

23.   Whenever appearing in this Complaint, all references to "Defendant(s)"

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

are intended to be, and shall be deemed, a reference to all Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.

### III.   COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

24.   Plaintiff is in the business of providing the manufacture, distribution, and wholesale supply of beauty products, specifically including, but not limited to, nail art brushes, across the U.S. and around the world, and has been in that business since 1997. ACT uses several trade names and marks to identify its services and products, specifically including, *inter alia*, "777." (the "777 MARK") for its acrylic nail brushes.

25.   ACT was the first entity to use the 777 MARK in association with acrylic nailbrushes in the retail beauty product community in the U.S. and around the world. As a result of ACT's widespread usage of the 777 MARK, the 777 MARK have become extensively known and ACT has become identified in the public mind as the provider of the acrylic brushes identified by the 777 MARK.

26.   ACT has applied for and has obtained several United States trademarks, including U.S. Trademark Registration number 3,893,221, for its 777 MARK. Attached hereto as **Exhibit 1** is a true and correct copy of the trademark registration for the 777 MARK, which is incorporated herein by reference.

27.   The 777 MARK has not been abandoned, canceled, or revoked.

28.   The 777 MARK includes federally registered trademark as well as common law trademark rights.

29.   Since at least the 1997, when ACT launched its advertising, marketing and directory services, and up to the present, ACT has extensively developed, promoted, advertised, and marketed its brands, including, but not limited to, the 777 MARK.

30.   ACT has spent significant amounts of money and resources developing, promoting, and advertising its 777 MARK so that the public recognizes the services

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

6
COMPLAINT

associated with the 777 MARK, and recognizes that the 777 MARK comes from ACT.

31.    As a result of the widespread use and display of the 777 MARK as a distinctive trademark identifying, *inter alia*, acrylic brushes, (a) the public has come to recognize and identify products bearing the 777 MARKS as emanating from ACT; (b) the public recognizes that services bearing the 777 MARK constitute high quality, dependable acrylic nail brushes that conform to the standards of quality and care created by ACT; (c) the 777 MARK has established a strong secondary meaning and extensive goodwill throughout the world among the retail beauty product community; and (d) the 777 MARK has achieved incontestable status.

32.    ACT is informed and believes, and thereon alleges that Defendants, at all times herein, saw, knew, and were familiar with ACT and the 777 MARK as Defendants had previously been regular, ongoing customers of ACT placing multiple orders for the acrylic brushes bearing the 777 MARK.  Plaintiff sent a cease and desist letter to Defendants on May 3, 2011, and received a response letter dated May 6, 2011 regarding the 777 MARK and the Defendants' activities. Defendants stated they would "never use make use of the '777' trademark without prior written authority" from Plaintiff; however, Plaintiff has good cause to believe that Defendants have continued to sell products using the 777 MARK continuously since before receipt of Plaintiff's letter, up to the present.

33.    ACT is informed and believes, and on that basis alleges that Defendant Lam is the sole owner and principal of Defendant W.S., and is responsible for and directs its activities. As such, Lam is the moving force behind W.S.'s activities. For at least the reasons herein, Lam is directly and/or secondarily liable for W.S.'s activities.

34.    For, at least, several months, Defendants have been advertising, marketing, and offering for sale acrylic nail brushes under the 777 MARK, in

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

catalogues, print advertisements, and on their respective websites, which are identical, closely resemble, and/or are substantially indistinguishable from the 777 MARK directed to the retail beauty product community.

35. ACT is informed and believes, and thereon alleges that Defendants' use of the marks that are identical, closely resemble or are substantially identical to the 777 MARK is done with the intent, as ACT is informed and believes, and thereon alleges, to divert ACT's customers seeking the 777 acrylic nail brushes to the Defendants.

36. ACT is informed and believes, and thereon alleges that Defendants' use of mark, which closely resembles and is substantially indistinguishable from the 777 MARK, has been with the intent to confuse consumers that the Defendants are associated, affiliated, sponsored by, and/or in some way are endorsed by ACT.

37. ACT is informed and believes, and thereon alleges that Defendants' use of mark, which closely resembles and is substantially indistinguishable from the 777 MARK, has been with knowledge and deliberate disregard that ACT owns the 777 MARK and has therefore been deliberate and willful.

38. ACT is informed and believes, and therefore alleges that Lam intentionally induced W.S. to infringe ACT's protected mark.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement and Counterfeiting)

### (15 U.S.C. § 1114)

### (Against All Defendants)

39. ACT repeats and re-alleges the allegations of paragraphs 1-38 of this Complaint as if set forth fully herein.

40. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

8

COMPLAINT

1013.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

41.   As set forth above, Defendants have engaged in acts of direct infringement by the use of the 777 MARK without ACT's consent.

42.   As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

43.   ACT is informed and believes, and thereon alleges that long after ACT's adoption and use of the 777 MARK, Defendants have adopted and used in commerce an identical or substantially indistinguishable version of the 777 MARK without ACT's consent in a manner that infringes upon ACT's rights in the 777 MARK.

44.   Plaintiff's 777 MARK is inherently distinctive as applied to Plaintiff's goods that bear the mark, and the 777 MARK has achieved incontestable status.

45.   Without ACT's consent, Defendants used and are using in commerce marks that are identical or substantially indistinguishable to the 777 MARK in connection with the promotion, marketing, advertising of acrylic nail brushes in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

46.   ACT is informed and believes, and thereon alleges that Defendants did so with actual knowledge of ACT's ownership and prior use of the 777 MARK, and with the intent to unfairly compete with ACT, to trade upon ACT's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' goods are associated with, sponsored by, originate from, or are approved by ACT, when they are not.

47.   Plaintiff has requested, in writing, that Defendant cease and desist from its infringing actions; however, Defendant has failed to comply with them. Plaintiff's letter to Defendant is attached as Plaintiff's Exhibit B.

48.   ACT is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement and counterfeiting of the 777 MARK, directly and/or indirectly, in total disregard of ACT's proprietary

1013.203

rights. These activities transpired despite Defendants' knowledge that the use of the 777 MARK was, and is, in direct contravention of ACT's rights, as well as in direct competition with ACT.

49.     ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the 777 MARK in an amount that is not presently known to ACT. Due to Defendants' actions constituting unauthorized use of the 777 MARK, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

50.     Due to Defendants' actions constituting unauthorized use of the 777 MARK, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Federal Contributory Trademark Infringement)**

**(15 U.S.C. § 1114)**

**(Against Lam)**

51.     ACT repeats and re-alleges the allegations of paragraphs 1-47 of this Complaint as if set forth fully herein.

52.     As set forth above ACT is informed and believes, and thereon alleges, that W.S. has engaged in acts of direct infringement by the use of the 777 MARK without ACT's consent.

53.     As set forth above, ACT is informed and believes, and thereon alleges, that Lam is contributorily liable for the direct acts of infringement committed by W.S. in view of the relationship between and among them.

54.     ACT is informed and believes, and thereon alleges, that, by reason of Lam's actions and/or inactions, concerning unauthorized use of the 777 MARK, ACT has been damaged and is entitled to monetary relief in an amount to be

10

COMPLAINT

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

determined at trial.

55.     ACT is informed and believes, and thereon alleges, that due to Lam's actions and/or inactions, constituting unauthorized use of the 777 MARK, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Federal Vicarious Trademark Infringement)**

**(15 U.S.C. § 1114)**

**(Against Lam)**

56.     ACT repeats and re-alleges the allegations of paragraphs 1-52 of this Complaint as if set forth fully herein.

57.     As set forth above, ACT is informed and believes, and thereon alleges, that W.S. has engaged in acts of direct infringement by the use of the 777 MARK without ACT's consent.

58.     As set forth above, ACT is informed and believes, and thereon alleges, that Lam is vicariously liable for the direct acts of infringement committed by W.S. in view of the relationship between and among them.

59.     ACT is informed and believes, and thereon alleges, that, by reason of Lam's actions and/or inactions, concerning unauthorized use of the 777 MARK, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

60.     ACT is informed and believes, and thereon alleges, that, due to Lam's actions and/or inactions, constituting unauthorized use of the 777 MARK, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

/ / /

/ / /

11

COMPLAINT

1013.203

**FOURTH CLAIM FOR RELIEF**

**(Federal Unfair Competition & False Designation of Origin)**

**(15 U.S.C. § 1125(a))**

**(Against All Defendants)**

61.     ACT repeats and re-alleges the allegations of paragraphs 1-57 of this Complaint as if set forth fully herein.

62.     Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     As set forth above, ACT is informed and believes, and thereon alleges, that Defendants, and each of them, have engaged in acts of direct infringement by the use of the 777 MARK without ACT's consent.

64.     As set forth above, ACT is informed and believes, and thereon alleges, that Lam is contributorily and vicariously liable for the direct acts of infringement committed by W.S. in view of the relationship between them.

65.     ACT is informed and believes, and thereon alleges, that Defendants' direct and indirect use of the 777 MARK without ACT's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

66.     ACT is informed and believes, and thereon alleges, that Defendants' direct and indirect use of the 777 MARK without ACT's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

67.     ACT is informed and believes, and thereon alleges, that such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers and members of the public as to the origin of Defendants' products or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by ACT or are in some way affiliated or connected with ACT, when they are not, all in violation of 15 U.S.C. § 1125(a).

68.     ACT is informed and believes, and thereon alleges that Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

69.     ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to ACT.

70.     By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

71.     Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution)

### (15 U.S.C. § 1125(c))

### (Against All Defendants)

72.     ACT repeats and re-alleges the allegations of paragraphs 1-67 of this

13

COMPLAINT

1013.203

Complaint as if set forth fully herein.

73.     The acrylic nail brushes offered by ACT under the 777 MARK have been widely advertised, promoted, and distributed to the retail beauty product community throughout the United States and the world.

74.     Plaintiff's 777 MARK has become distinctive and famous as a result of many years of nationwide use and promotion of the mark by the Plaintiff.

75.     Defendants' first use of the 777 MARK in interstate commerce occurred many years after Plaintiff's 777 MARK had become famous.

76.     Acrylic nail brushes offered under the 777 MARK are known to the consumers in the retail beauty product community in the United States and throughout the world as representing reliable, high quality products, which are offered under sound merchandising and customer service conditions. As a result, the 777 MARK, and the goodwill associated therewith, are of great value to ACT.

77.     By virtue of the wide renown acquired by the 777 MARK in the beauty product community, coupled with the national and international distribution and extensive use of acrylic nail brushes offered under this trademark, each of the 777 MARK has become famous.

78.     ACT is informed and believes, and thereon alleges that once Defendants began to use marks which are identical, closely resemble, or are substantially indistinguishable from the 777 MARK, ACT started to receive calls from its customers and members claiming that those customers and members called Defendants' believing that they were able to get ACT's products, or Defendants' businesses were affiliated with ACT, and were upset and confused when they realized that Defendants were not affiliated with ACT or selling ACT's products. Since that time, ACT has received numerous, similar communications from customers.

79.     ACT has also seen a reduction in its business since the Defendants

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

14
COMPLAINT

began to use marks, which are identical, closely resemble, or are substantially indistinguishable from one or all of the 777 MARK.

80.   ACT is informed and believes, and thereon alleges that Defendants' actions were done willfully with intent to exploit ACT's reputation and dilute the 777 MARK.

81.   By reason of the aforesaid acts constituting trademark dilution, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

82.   Due to Defendants' actions, constituting trademark dilution, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**

**(California Common Law Trademark Infringement)**

**(Against All Defendants)**

83.   ACT repeats and re-alleges the allegations of paragraphs 1-76 of this Complaint as if set forth fully herein.

84.   ACT is informed and believes, and thereon alleges, that Defendants' acts complained of herein constitute trademark infringement under California common law.  ACT is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the 777 MARK causes a likelihood of confusion.

85.   ACT is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to ACT. By reason of Defendants' wrongful acts as alleged in this Complaint, ACT has been damaged and is entitled to monetary relief in an amount

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

to be determined at trial.

86. Due to Defendants' trademark infringement, ACT has suffered and continues to suffer great and irreparable injury for which ACT has no adequate remedy at law.

87. Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, ACT is entitled to exemplary damages.

## SEVENTH CLAIM FOR RELIEF

### (California Unfair Competition)

### (Against All Defendants)

88. ACT repeats and re-alleges the allegations of paragraphs 1-81 of this Complaint as if set forth fully herein.

89. ACT is informed and believes, and thereon alleges, that Defendants' acts of trademark infringement, false designation of origin and trademark dilution, complained of herein constitute unfair competition with ACT under the statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

90. ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to ACT. By reason of Defendants' alleged wrongful acts as alleged in this Complaint, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

91. ACT is informed and believes, and thereon alleges, that, by their actions, Defendants have injured and violated the rights of ACT and have irreparably injured ACT, and such irreparable injury will continue unless Defendants are enjoined by this Court.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

COMPLAINT

1013.203

# EIGHTH CLAIM FOR RELIEF

## (Trademark Infringement by Imitating and False Advertising)

## (15 U.S.C. § 1114(a) and (b))

## (Against All Defendants)

92.     ACT repeats and re-alleges the allegations of paragraphs 1-85 of this Complaint as if set forth fully herein.

93.     As set forth above, ACT is informed and believes, and thereon alleges, that Defendants have engaged in acts of direct infringement by the use of the 777 MARK without ACT's consent.

94.     As set forth above, ACT is informed and believes, and thereon alleges, that Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

95.     ACT is informed and believes, and thereon alleges that long after ACT's adoption and use of each of the 777 MARK, Defendants have adopted and used in commerce marks which are identical, closely resemble, or are substantially indistinguishable from the 777 MARK without ACT's consent in a manner that infringes upon ACT's rights in the 777 MARK in violation of 15 U.S.C. § 1114(a).

96.     ACT is informed and believes, and thereon alleges, that, without ACT's consent, Defendants use in commerce marks which are identical, closely resemble, or are substantially indistinguishable from the 777 MARK in connection with the promotion, marketing, advertising of acrylic nail brushes in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

97.     ACT is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of ACT's ownership and prior use of the 777 MARK, and with the intent to unfairly compete with ACT, to trade upon ACT's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with,

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

sponsored by, originate from, or are approved by ACT, when they are not.

98.   ACT is informed and believes, and thereon alleges, that Defendants' acted willfully and intentionally to infringe of the 777 MARK, directly and/or indirectly, in total disregard of ACT's proprietary rights, and were done despite Defendants' knowledge that the use of the 777 MARK was and is in direct contravention of ACT's rights.

99.   ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the 777 MARK in an amount that is not presently known to ACT.  By reason of Defendants' alleged actions, constituting unauthorized use of the 777 MARK, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

100.  Due to Defendants' actions, constituting unauthorized use of the 777 MARK, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
### (Common Law Unfair Competition & False Designation of Origin)
### (Palming or Passing Off)
### (Against All Defendants)

101.  ACT repeats and re-alleges the allegations of paragraphs 1-94 of this Complaint as if set forth fully herein.

102.  As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used marks which are identical, closely resemble, and/or are substantially indistinguishable from one or all of the 777 MARK without ACT's consent.

103.  In fact, ACT has received communications from its customers and members indicating that they were deceived and confused by the Defendants' use of

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

marks which are identical, closely resemble, and/or are substantially indistinguishable from one or all of the 777 MARK.

104.   ACT is informed and believes, and thereon alleges, that Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the 777 MARK without ACT's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' products.

105.   ACT is informed and believes, and thereon alleges, that such conduct by Defendants has and is likely to further confuse, mislead, and deceive ACT's and Defendants' customers and members of the public as to the origin of Defendants' products or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by ACT or are in some way affiliated or connected with ACT, when they are not.

106.   ACT is informed and believes, and thereon alleges that  Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

107.   ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to ACT.

108.   ACT is informed and believes, and thereon alleges, that, by reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, ACT has been damaged and is entitled to monetary relief in

COMPLAINT

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

an amount to be determined at trial.

109.  Due to Defendants' alleged actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

**TENTH CLAIM FOR RELIEF**

**(California False Advertising)**

**(Against All Defendants)**

110.  ACT repeats and re-alleges the allegations of paragraphs 1-103 of this Complaint as if set forth fully herein.

111.  As set forth above, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have used marks in their advertising which are identical, closely resemble, and/or are substantially indistinguishable from one or all of the 777 MARK without ACT's consent.

112.  In fact, ACT has received communications from its customers indicating that they were deceived and confused by the Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the 777 MARK.

113.   ACT is informed and believes, and thereon alleges, that Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from one or all of the 777 MARK is misleading, has and is likely to further mislead, cause confusion, or to cause mistake, or to deceive as to the source of Defendants' products.

114.  ACT is informed and believes, and thereon alleges, that such conduct by Defendants has and is likely to further confuse, mislead, and deceive ACT's customers and members of the public as to the origin of Defendants' products or cause said persons to believe that Defendants and/or their products have been

1013.203

sponsored, approved, authorized, or licensed by ACT or are in some way affiliated or connected with ACT, when they are not.

115.   Plaintiff is informed and believes, and thereon alleges that Defendants' actions were undertaken in an attempt to divert and secure Plaintiff's customers and business from Plaintiff.

116.   Plaintiff is informed and believes, and thereon alleges that Defendants' actions were undertaken willfully with full knowledge that using marks, which closely resemble and are substantially indistinguishable from one or all of the 777 MARK would mislead ACT's customers, and would also mislead the general consuming public.

117.   ACT is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false advertising in an amount that is not presently known to ACT.

118.   By reason of Defendants' alleged actions, constituting false or misleading advertising, ACT has been damaged and is entitled to monetary relief in an amount to be determined at trial.

119.   Due to Defendants' alleged actions, constituting false or misleading advertising, ACT has suffered and continues to suffer great and irreparable injury, for which ACT has no adequate remedy at law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

21
COMPLAINT

1013.203

## V.     PRAYER FOR RELIEF

**WHEREFORE**, ACT prays for judgment in its favor against Defendants for the following relief:

A.      A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.  using any of the 777 MARK, or any other mark, symbol, or logo that is confusingly similar to any of the 777 MARK on or in connection with any products, including but not limited to, marketing, advertising and selling or offering for sale acrylic nail brushes;

2.  falsely designating the origin of Defendants' products;

3.  unfairly competing with ACT in any manner whatsoever;

4.  making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

5.  causing a likelihood of confusion or injuries to ACT's business reputation; and

6.  manufacturing, using, displaying, distributing, or selling any goods that infringe any of the 777 MARK.

B.      That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint.

C.      That Defendants' acts of trademark infringement and counterfeiting, false designation of origin, trademark dilution and unfair competition, complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that ACT be entitled to enhanced damages.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.203

ADLI LAW GROUP, P.C.
www.adllaw.com
(213) 623-6546

D.     That ACT be awarded damages for Defendants' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by ACT, and the costs of the action; or (ii) statutory damages pursuant to 15 U.S.C. § 1117(c), at ACT's election before the entry of a final judgment.

E.     That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate ACT for Defendants' actions.

F.     The ACT be awarded damages for Defendants' common law trademark infringement, and unfair competition pursuant to California Business & Professions Code § 17200 et seq and § 17500.

G.     That Defendants' acts of trademark infringement and unfair competition complained of in this Complaint be deemed willful; that this be deemed an exceptional case; and that ACT be entitled to enhanced damages.

H.     An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

I.     An award of attorneys fees and costs.

J.     Such other and further relief as this Court may deem just.

ADLI LAW GROUP, P.C.

DATED: March 11, 2016          By:      /s/ Dariush G. Adli
                                         Dr. Dariush G. Adli, Esq.
                                         Drew H. Sherman, Esq.
                                         *Attorneys for Plaintiff*
                                         A.C.T. 898 Products, Inc.

1013.203